UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


DANIEL M. JOY AND PEACH
ORCHARD L.L.C. d/b/a PEACH
ORCHARD TOWN HOMES                                        PLAINTIFFS


V.                              CIVIL ACTION NO. 3:08cv329-DCB-JMR


H&M BUILDERS, INC., ET AL.                                DEFENDANTS


OPINION AND ORDER

This dispute is before the Court on Defendants Cecil F. Heidelberg III's ("Heidelberg"), H&M Builders, Inc.'s ("H&M Builders"), and H&M Realty, Inc.'s ("H&M Realty") motion to dismiss pursuant to Rule 9(b) [**docket entry no. 22**]; H&M Builders' motion to dismiss [**docket entry no. 24**]; Heidelberg's motion to dismiss, or in the alternative motion for summary judgment [**docket entry no. 27**]; Heidelberg's and H&M Realty's motion to dismiss, or in the alternative motion for summary judgment [**docket entry no. 37**]; and Defendant CPM, Inc.'s ("CPM") motion to dismiss [**docket entry no. 39**]. Having carefully considered said Motions, memoranda in support and opposition thereof, all applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

**I. Facts and Procedural History**

Located in Ridgeland, Mississippi, Peach Orchard Town Homes (the "Property") consists of eight individual buildings, each of

which contains three two-story town home units.  The buildings were constructed by Defendant H&M Builders, Inc. ("H&M Builders") in three phases (1996, 1997, and 2002), and Defendant H&M Realty, Inc. ("H&M Realty") managed the property.  Defendant Cecil F. Heidelberg III ("Heidelberg") is the registered agent for both H&M Builders and H&M Realty and serves as Vice President of H&M Realty.

In 2005, Plaintiff Daniel M. Joy and Plaintiff Peach Orchard L.L.C., a Mississippi limited liability company of which Joy is the sole member, initiated the process of purchasing the Property through a letter of intent.  On September 20, 2005, Plaintiffs executed a contract with H&M Realty to purchase the Property for $2,450,000.00.  The contract contained a "due diligence" provision allowing Plaintiffs time to inspect the Property before closing.

As part of the inspection, Defendant CPM, Inc. ("CPM") was retained by the plaintiffs' lender, Protective Life Insurance Company ("Protective Life"), to prepare a Property Condition Needs Assessment.  CPM issued its preliminary findings on September 26, 2005, which, among other repairs, recommended the installation of gutters and downspouts on all buildings to avoid foundation movement.  The total amount for the suggested repairs was approximately $22,000.00.  CPM published its final report on October 29, 2005. Although CPM was retained by Protective Life, it provided a copy of its preliminary findings and final report to Plaintiff Joy and also sent its invoice for payment to Plaintiff

2

Joy.

On September 27, 2005, H&M Realty and Plaintiff Joy executed a document removing the contingencies of the contract on the condition that H&M Realty provide a $22,000.00 credit at closing. The parties closed the transaction on December 9, 2005. Plaintiffs filed the current action on May 23, 2008, claiming that major drainage defects and grading issues on the Property were not disclosed by Defendants. Defendants have filed numerous motions to dismiss and motions for summary judgment, and the Court entered an order staying all deadlines in the action.

## II. Legal Standards

### A. Rule 12(b)(6) Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (quotation marks,

citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Twombly, 127 S. Ct. at 1966) (internal quotation marks omitted)).

## B. Rule 56 Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324. Conclusory allegations, speculation,

unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 150 (2000).

### III. Analysis

A. H&M Builders', H&M Realty's and Heidelberg's Rule 9(b) Motion to Dismiss

Defendants H&M Builders, H&M Realty, and Heidelberg have filed a motion to dismiss the claims in the complaint related to fraud and/or fraudulent misrepresentation. As authority, the defendants cite Rule 9(b) of the Federal Rules of Civil Procedure, which requires a party alleging fraud or mistake to do so "with particularity". Specifically, the defendants claim that the plaintiffs' claims as to these issues are "conclusory and are insufficiently plead to satisfy the requirements of [Rule 9]". (Defs.' Mot. to Dismiss Pursuant to Rule 9(b) at 1.) With

permission of the Court, the plaintiffs filed an amended complaint in this action on February 13, 2009. After thoroughly reviewing the language of the amended complaint, the Court is satisfied that the plaintiffs have alleged fraud with such specificity as is required by the rules. The defendants' motion to dismiss the plaintiffs' fraud claims pursuant to Rule 9(b) is denied.

B. H&M Builders' Motion to Dismiss

H&M Builders additionally moves the Court to dismiss all claims against it which are related to the construction of Phases I and II of the development. More precisely, H&M Builders argues that claims related to these phases are barred by the six-year statute of limitations found in Mississippi Code § 15-1-41. After H&M Builders filed this motion, the parties entered into an Agreed Order wherein the plaintiffs agreed to dismiss all claims against H&M Builders related to Phases I and II. Accordingly, H&M Builders' motion is denied as moot.

C. Heidelberg's Individual Motion to Dismiss/Motion for Summary Judgment

Defendant Heidelberg also contends that all of the plaintiffs' claims against him should be dismissed because H&M Realty, not Heidelberg, was the seller of the property. In response, the plaintiffs assert that, even if H&M Realty was the actual seller, Heidelberg, who signed the contract as H&M Realty's agent, can incur individual tort liability if his conduct is found to be

fraudulent. By Agreed Order on December 16, 2008, the plaintiffs dismissed all of their claims against Heidelberg in his individual capacity, except for the claims of fraudulent and negligent misrepresentation. Accordingly, the Court considers only these remaining two claims. Having considered matters outside the pleadings, the Court construes the motion as a motion for summary judgment.

Of preliminary note, because the Court's jurisdiction is based on diversity of citizenship, Mississippi substantive law governs. Erie R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1934). This Court recognizes that "the cardinal rule of corporate law is that a corporation possesses a legal existence separate and apart from that of its officers and shareholders." Gray v. Edgewater Landing, Inc., 541 So.2d 1044, 1047 (Miss. 1989) (citation omitted). However, "[o]rdinary principles of agency apply to officers of a corporation and their liability to third persons," and, therefore, an agent may be held personally liable when he "directly participates in or authorizes the commission of a tort." Hart v. Bayer Corporation, 199 F.3d 239, 247 (5th Cir. 2000) (citations omitted). Importantly, "[i]ndividual liability of corporate officers or directors may not be predicated merely on their connection to the corporation but must have as their foundation individual wrongdoing." Turner v. Wilson, 620 So. 2d 545 (Miss. 1993). Indeed, in order to be personally liable, the officer "must

7

have some direct, personal participation in the tort, as where the defendant was the 'guiding spirit' behind the wrongful conduct ... or the 'central figure' in the challenged corporate activity." Hart, 199 F.3d at 247 (quoting Mozingo v. Correct Mfg. Corp., 752 F.2d 168, 173 (5th Cir. 1985)).

The Court concludes that genuine issues of material fact exist regarding whether Heidelberg personally participated in the alleged fraudulent and negligent misrepresentation. The contract executed between the parties, which was signed by Heidelberg and Joy, contains a clause entitled "CONDITION OF PROPERTY AND ACCEPTANCE", which provides that "Seller hereby represents that he is not aware of any flooding, foundation or drainage problems with the subject property." (Ex. B to Complaint.) The plaintiffs have provided additional evidence suggesting that, despite his signature to the contrary, Heidelberg was aware of problems with the property at the time the sales contract was executed. Specifically, the plaintiffs have provided an affidavit of Gary Mitchell, one of the residents of the Peach Orchard Town Homes, wherein Mitchell claims that he experienced flooding of his townhouse, that he personally informed Heidelberg of the problems, and that Heidelberg attempted to repair the situation. This evidence sufficiently raises a genuine issue of material fact regarding Heidelberg's personal participation in the alleged fraudulent and negligent misrepresentation such that Heidelberg's motion for summary judgment must be denied.

D.  H&M Realty & Heidelberg's Motion to Dismiss/Motion for Summary Judgment

Defendants H&M Realty and Heidelberg maintain that the plaintiffs assumed the risk of any defects by purchasing the property "as is" and assert that they paid valuable consideration in exchange for the plaintiffs' promise to purchase the property in its then-current condition.  However, the plaintiffs maintain that the defendants' misrepresentations in the contract prevent the operation of the "as is" provision.  Plaintiffs assert fraudulent and negligent misrepresentation claims against both H&M Realty and Heidelberg, and they seek recision in addition to damages for breach of contract against H&M Realty.  The parties have submitted affidavits in support of their claims, so the Court will treat the defendants' motion as a motion for summary judgment.

In Mississippi, a seller of property should be able to rely on the mutually agreed upon terms of a contract.  Koch v. H&S Dev. Co., 163 So. 2d 710, 727 (Miss. 1964).  Accordingly, the inclusion of an "as is" provision usually precludes the buyer from maintaining an action based on the defective condition of the property.  See Stonecipher v. Kornahus, 623 So. 2d 955, 963 (Miss. 1993).  However, the Southern District of Mississippi has previously recognized the "general rule that an 'as is' provision in a contract for the sale of realty . . . will not serve to preclude a purchaser from bringing an action for recision or for

9

damages if such is based upon the seller's fraudulent representation or concealment regarding the physical condition of the property." Pitre v. Twelve Oaks Trust U/A 1/4/91, 818 F. Supp. 949, 952 (S.D. Miss. 1993).

The contract executed between the parties contains a clause titled: "CONDITION OF PROPERTY AND ACCEPTANCE." (Ex. B to Complaint.) That provision states that the Buyer "accepts the property in its 'as is' and present condition" and explains that "unless set forth in writing elsewhere in this contract neither Broker nor Seller nor their representatives have made any representations concerning the present or past structural condition of the property." (Ex. B to Complaint.) The contract later provides that "Seller hereby represents that he is not aware of any flooding, foundation or drainage problems with the subject property." (Ex. B to Complaint at ¶ 20.)

Although the contract contains an "as is" clause, H&M Realty, through its representative Heidelberg, expressly represented that it was unaware of any flooding, foundation, or drainage problems. Cf. Crase v. Hahn, 754 So. 2d 471, (Miss. Ct. App. 1999) (finding that the "as is" clause in the contract precluded an action based on the contract where the seller made no representation regarding age of home); Stonecipher, 623 So. 2d at 963. The affidavits of several of the residents of the Peach Orchard Town Homes, including Gary Mitchell and Dan and Pamela Strack, indicate that Defendant

10

Heidelberg was aware of the water intrusion problems. See Exs. "1"-"3" to Motion for Partial Lift of Stay [109]; see also Askanase v. Fatjo, 130 F.3d 657, 666 (5th Cir. 1997) (noting the "general rule that courts are to impute an officer/director's knowledge to the corporation"). This knowledge raises an issue of fact which precludes a grant of summary judgment to either H&M Realty or to Heidelberg on the sole basis of the existence of the "as is" clause. See Pitre, 818 F. Supp at 952. Accordingly, the defendants' motion is denied.

### E. CPM's Motion to Dismiss

Defendant CPM filed a motion to dismiss all claims pursuant to Rule 12(b)(6). The plaintiffs provided affidavits in support of their response which warranted consideration by the Court. Accordingly, the Court converted the motion to a motion for summary judgment in an October 21, 2008 order. Under the amended complaint, the remaining claims asserted against CPM are for negligence and negligent misrepresentation. The Court considers separately CPM's motion for summary judgment as to each of these claims.

*1. Negligence*

The plaintiffs allege that CPM was negligent for its failure to identify significant water intrusion issues in its inspection. A party asserting negligence must prove by a preponderance of the evidence "(1) duty; (2) a breach of that duty; (3) a reasonably

11

close causal connection between the conduct complained of and the resulting injury; and (4) actual loss or damage resulting to the interests of another." Little v. Miller, 909 So. 2d 1256, 1259 (Miss. Ct. App. 2005). CPM disputes the plaintiffs' showing as to two of these elements. First, CPM argues that summary judgment is proper as to the negligence claim because the plaintiffs have failed to show that CPM owed a duty to them. Specifically, CPM seeks to avoid liability on the basis that it contracted exclusively with Protective Life. Second, CPM posits that the plaintiffs have failed to show that CPM's actions fell below the appropriate standard of care.

CPM's argument that it owed no duty to the plaintiffs because of the absence of privity is without merit. Under Mississippi law, privity is not required to maintain an action to recover for property loss caused by another's negligence. MISS. CODE ANN. § 11-7-20 (2004). The Mississippi Supreme Court has expressly adopted Restatement (Second) of Torts § 552[1] and permits "parties who are

---

[1] Restatement (Second) of Torts § 552 provides:

> One who, in the course of his business, profession or employment, or in any other transaction which he has a pecuniary interest, supplies false information for the guidance of others in their business transaction is subject to liability for pecuniary loss suffered by them by their justifiable reliance upon the information if he fails to exercise reasonable care or competence in obtaining or communicating information.

12

foreseeable recipients of a negligently prepared professional opinion and who detrimentally rely on that opinion in their business affairs to recover" from the professional who prepared the opinion. Strickland v. Rossini, 589 So. 2d 1268, 1277 (Miss. 1991); see also Hosford v. McKissack, 589 So. 2d 108 (Miss. 1991); Touche Ross v. Comm. Union Ins., 514 So. 2d 315 (Miss. 1987).

The evidence produced in this case demonstrates that there exists a genuine issue of material fact regarding whether the plaintiffs were foreseeable users of CPM's report. First, although CPM's contractual client was Protective Life, CPM sent copies of its preliminary findings and final report directly to Plaintiff Joy. Additionally, CPM submitted directly to Joy an invoice for payment of the costs of the inspection services. CPM, however, has provided documentary evidence showing that its fees were ultimately paid by Financial Federal (on behalf of Protective Life) and that CPM never received any payment from Joy. Further, CPM has provided an affidavit of Charles Daily, President of CPM, wherein he avers that, although CPM sent copies of its report to Joy, that CPM did not at any time grant Joy permission to rely on said reports. In light of this contradictory evidence, the Court concludes that summary judgment is not proper.

CPM also challenges the plaintiffs' proof as to CPM's breach of the standard of care. CPM's assertion regarding the standard of care highlights the prematurity of CPM's summary judgment motion.

13

All deadlines in the case have been stayed to address the motions filed by the defendants. Discovery has not yet begun, and the expert deadline has not passed. Any claim regarding what the plaintiffs' experts have or have not established is therefore irrelevant.

CPM has not challenged the plaintiffs' showing as to the remaining elements of negligence. Since the Court concludes that genuine issues of material fact exist as to CPM's duty to the plaintiffs and since a determination regarding the standard of care is premature, summary judgment on this claim is denied.

*2. Negligent Misrepresentation*

CPM also seeks summary judgment on the plaintiffs' claim that CPM negligently misrepresented the existence and extent of the property's drainage problems. To maintain an action for negligent misrepresentation, the plaintiffs must demonstrate "(1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance." Hazlehurst Lumber Co., Inc. v. Miss. Forestry Comm'n, 983 So. 2d 309, 313 (Miss. 2008) (citation

omitted).  As with the claim for negligence, CPM contends that the plaintiffs could not reasonably rely on CPM's report.  The Court already has concluded that genuine issues of material fact exist as to this issue.  Accordingly, summary judgment on this claim is denied.

### IV. Conclusion

Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that Heidelberg's, H&M Builders' and H&M Realty's motion to dismiss pursuant to Rule 9(b) [**docket entry no. 22**] is **DENIED**.

**IT IS FURTHER ORDERED** that H&M Builders' motion to dismiss [**docket entry no. 24**] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Heidelberg's motion for summary judgment [**docket entry no. 27**] is **DENIED**.

**IT IS FURTHER ORDERED** that Heidelberg's and H&M Realty's motion for summary judgment [**docket entry no. 37**] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant CPM's motion to dismiss [**docket entry no. 39**], which the Court has converted to a motion for summary judgment, is **DENIED**.

**SO ORDERED**, this the 25th day of March 2009.

                                           s/ David Bramlette

                                       **UNITED STATES DISTRICT JUDGE**